UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| PIERRE MICHEL FILS CAZEAU,<br>        Petitioner,<br><br>        v.<br><br>MICHAEL NESSINGER, *in his official*<br>*capacity as Warden of Wyatt Detention*<br>*Facility*; DAVID WESLING, *in his*<br>*official capacity as Field Office Director*<br>*of Enforcement and Removal*<br>*Operations, Boston Field Office, I.C.E.*;<br>TODD LYONS, *in his official capacity*<br>*as Acting Director of U.S. I.C.E.*;<br>KRISTI NOEM, *in her official capacity*<br>*as U.S. Secretary of Homeland*<br>*Security*; PAMELA J. BONDI, *in her*<br>*official capacity as U.S. Attorney*<br>*General*; U.S. DEPARTMENT OF<br>HOMELAND SECURITY; and<br>EXECUTIVE OFFICE FOR<br>IMMIGRATION REVIEW,<br>        Respondents. | No. 26-cv-166-JJM-PAS |

## ORDER

Pierre Michel Fils Cazeau has filed a habeas petition, arguing that his arrest and continued detention by Immigration and Customs Enforcement ("ICE") is unlawful, and that he must be released or given a bond hearing before an immigration judge ("IJ") under 8 U.S.C. § 1226(a). ECF No. 1. In its Response, the Government acknowledges that the legal issues presented in this case are like those recently addressed by the Court in *Tomas Elias v. Hyde*, No. 25-cv-540-JJM-AEM, 2025 WL 3004437 (D.R.I. Oct. 27, 2025). ECF No. 7 at 1. Though the Government notes some

disagreement with that decision, it does not dispute that this case can be decided on the same grounds as *Tomas Elias*. *Id.* The reasoning provided in *Tomas Elias* remains correct. As such, the Court finds that Mr. Cazeau's detention is unlawful, and that he is entitled to immediate release and a bond hearing before an IJ. Mr. Cazeau's petition is therefore GRANTED. ECF No. 1.

The Government is hereby ORDERED to **provide Pierre Michel Fils Cazeau with a bond hearing before an IJ** under 8 U.S.C. § 1226(a) within ten (10) days of the date of this order. Should it choose to pursue Mr. Cazeau's continued detention, the Government must show why less restrictive alternatives to detention would be inadequate for it to achieve its goals. *See Higiro v. Nessinger*, No. 26-cv-105-JJM-AEM, 2026 WL 710297, at *8 (D.R.I. Mar. 13, 2026) (finding that due process requires IJs to consider alternatives to detention at bond hearings to ensure that detention is not arbitrarily imposed and bears a reasonable relation to the Government's interests). The IJ shall consider any alternatives to detention *before* making a finding as to flight risk or dangerousness. *See Brito v. Garland*, 22 F.4th 240, 254 (1st Cir. 2021) (noting that to require otherwise would be "to put the cart before the horse").

The Government is also ORDERED to **release Pierre Michel Fils Cazeau immediately** pending the bond hearing. Per its request, the Government is permitted to transfer Mr. Cazeau to ICE's Boston Field Office in Burlington, Massachusetts for the sole purpose of processing his release and allowing for any return of property. ECF No. 7 at 1 n.1. However, the Court DENIES the Government's additional request to place "any monitoring equipment deemed appropriate." *Id.* Because the

2

Government did not have the lawful authority to detain Mr. Cazeau in the first place, the Court will not permit the Government to keep him "in custody" through the use of monitoring equipment pending the bond hearing. *See Morales v. Hyde*, No. 26-cv-093-JJM-PAS, 2026 WL 508811, at *3-4 (D.R.I. Feb. 24, 2026) (denying similar request from the Government because "[i]t does not follow … that ICE gets to keep [the petitioner] 'in custody' once he leaves the Wyatt Detention Facility"). Effectuating Mr. Cazeau's transfer to Burlington shall not in any way impede his **immediate release**.

Finally, the Court ORDERS the Government to **file a status report** within five (5) days of Mr. Cazeau's bond hearing, stating whether he has been granted bond. If Mr. Cazeau's request for bond is denied, the Government shall inform the Court: (1) the reason for that denial; (2) whether Mr. Cazeau has been re-detained by ICE; and (3) where he is being held. Should ICE take him back into custody or place any other restrictions on his liberty, Mr. Cazeau is free to pursue appropriate relief in this Court.

IT IS SO ORDERED.

_____
JOHN J. MCCONNELL, JR.
Chief Judge
United States District Court

March 23, 2026

3